IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODNEY M. MARSHALL and
VICKI LYNN MARSHALL,

    Plaintiffs,

v.                                                        Civil Action No. 5:10CV127
                                                                       (STAMP)

JOHN EDWARD KIMBLE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to both original jurisdiction founded on a claim or right arising under the Constitution and diversity jurisdiction. The plaintiffs commenced this civil action in the Circuit Court of Wetzel County, West Virginia, alleging that the defendant has claimed the ownership of a portion of the plaintiffs' real estate. The plaintiffs seek to have the defendant ejected from their real estate and to have the defendant remove the alleged encroachments from their real estate. Following removal of the action to this Court, the plaintiffs filed a motion to remand. The defendant did not file a response. For the reasons set forth below, the plaintiffs' motion to remand is granted.

II. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. <u>Id.</u>

Courts strictly construe the statute granting removal jurisdiction. <u>Asbury-Castro v. GlaxoSmithKline, Inc.</u>, 352 F. Supp. 2d. 729, 731 (N.D. W. Va. 2005) (citing <u>Doe v. Allied Signal, Inc.</u>, 985 F.2d 908, 911 (7th Cir. 1993)). However, the court is not required "to leave common sense behind" when determining the amount in controversy. <u>Id.</u> (citing <u>Mullens v. Harry's Mobile Homes</u>, 861 F. Supp. 22, 24 (S.D. W. Va. 1994)). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of

removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Asbury-Castro, 352 F. Supp. 2d at 731 (citing Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997)).

### III. Discussion

Despite the plaintiffs' failure to respond, this Court must review a motion to remand on the merits. The parties do not dispute that a boundary line of their properties is the West Virginia and Pennsylvania state line. In his notice of removal, the defendant, a resident of Pennsylvania, contends that the plaintiffs, residents of West Virginia, seek to relocate the state line for the benefit of the plaintiffs and the State of West Virginia without just compensation to the defendant. He further alleges that the plaintiffs' complaint alleges a violation of their constitutional right of non-deprivation of property without due process of law.

This Court agrees with the plaintiffs that this Court does not have original jurisdiction over this civil action. The plaintiffs do not seek to deprive the defendant of his property without due process of law by moving the state line. Instead, they argue that the defendant has encroached upon the plaintiffs' land by locating an orchard and the toe of a pond embankment on the plaintiffs' land

in West Virginia. Furthermore, the defendant relies on the Fifth and Fourteenth Amendments to the United States Constitution, which states, in pertinent part, that "No person shall . . . be deprived of . . . property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment "erects no shield against merely private conduct." Shelley v. Kraemer, 334 U.S. 1, 13 (1948); see also Comm. of U.S. Citizens Living in Nicaragua v. Reagan, 859 F.2d 929, 946 (D.C. Cir. 1988) (referring to the fifth amendment). Accordingly, the defendant cannot remove this civil action by stating that the plaintiffs allege a violation of deprivation of property without due process of law by the defendant, a private citizen.

The defendant also contends that jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). The defendant contends that "the matter alleges a deprivation of the constitutional right to non-deprivation of property and liberty interests in property and said action to protect a constitutional right should be presumed to have the inherent minimum value of $75,000." The defendant also states that the defendant is an individual of advanced age and the plaintiffs would force the defendant to incur costs by removing a pond and an orchard. In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court agrees.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002) (citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)). The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested. Rather, in their complaint, the plaintiffs request that the defendant be required to remove all encroachments on the plaintiffs' real estate. In their motion to remand, the plaintiffs state that the two alleged encroachments on the plaintiffs' property consist of a total of 5,204 square feet. The plaintiffs' property consists of 86.95 acres and the deed to

the plaintiffs' property indicates that the plaintiffs paid $4,000.00 for the entire 86.95 acres in 2008.

After careful consideration of the record in this case, this Court finds that the defendant has not met his burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. Walt v. FedEx Freight, Inc., 2010 WL 3075197, *2 (N.D. W. Va. Aug. 5, 2010) (citing Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000)). Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00, exclusive of interests and costs. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (N.D. W. Va. Sept. 26, 2006) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Here, the plaintiffs paid $4,000.00 for their property in 2008. This Court agrees with the plaintiffs that the total value of the encroachment is far less than $75,000.00 and, considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiffs' motion to remand must be granted. Nothing prevents,

however, the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. § 1446(b).[1]

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Wetzel County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Wetzel County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 6, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Of course, the case may not be removed on the basis of diversity more than one year after commencement of the action. 28 U.S.C. § 1446(b).